**AMERICAN INSTITUTE OF REAL ES-
TATE APPRAISERS et al.,
Appellants,**

v.

**R. L. "Pete" HAWK, Appellee.**

No. 188.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Dec. 18, 1968.

Rehearing Denied Jan. 22, 1969.

Robert L. Burns, Sears & Burns, Houston, for appellants.

Ben N. Ramey, Ramey & Clay, Houston, for appellee.

TUNKS, Chief Justice.

The appellant, American Institute of Real Estate Appraisers, is a non-profit corporation organized under the laws of the State of Illinois and domiciled in Chicago, Illinois. Its corporate purpose is the advancement of the science of valuation of interests in real property. It will sometimes be called the "Institute." The other appellants are the Houston Chapter No. 33 of American Institute of Real Estate Appraisers and the president of the Houston Chapter, Wilbert White. The controversy involves an order by the Governing Council of the Institute, which order is dated May 6, 1968, by which the appellee, R. L. Hawk, was suspended for a period of one year, from membership in the Institute. The trial court, on petition of the appellee, as plaintiff, granted a temporary injunction temporarily enjoining the appellants, as defendants, from the enforcement of that suspension order during the pendency of the appellee's suit for permanent injunction. This appeal is from that judgment for temporary injunction.

The Institute is made up of members who engage in the profession of real estate appraising. To achieve membership one is required to take a course of study and pass certain examinations. Industries recognize the high standards maintained by the Institute. Some insurance companies, for instance, who have frequent need for the services of such appraisers, decline to employ anyone who is not a member of the Institute. Membership entitles one to the

use of the initials "M.A.I." and to wear an emblem showing membership.

The appellee became a candidate for membership in the Institute in 1953 and in 1959, after completing the required course of study and passing the required examinations, became a member. He is actively engaged as a professional appraiser of real estate.

In 1963, the appellee did an appraisal and testified in a condemnation case styled The City of Houston v. Biggers. (See City of Houston v. Biggers, Tex.Civ.App., 380 S. W.2d 700, writ ref., n. r. e., writ of certiorari denied, 380 U.S. 962, 85 S.Ct. 1105, 14 L.Ed.2d 153, for the ultimate disposition of that case). The testimony, given at the request of the landowner, was considered by some of the other members of the Institute as indicating an advocacy on his part in behalf of the landowner, in violation of the Institute's code of ethics. Proceedings, the details of which will be discussed below, were begun for the purpose of disciplining him for this alleged unethical conduct. These proceedings resulted in the order on May 6, 1968, suspending appellee for one year. As noted above the trial court temporarily enjoined the enforcement of that order.

The regulations and by-laws of the Institute provide a rather elaborate procedure for the discipline of members. A "Chapter Committee" is established by the local chapter such as the appellant, Houston Chapter No. 33. That Chapter Committee may hold hearings of a disciplinary nature on its own motion. If it does so decide to hold such a hearing a required notice procedure is set forth in the Institute's regulation 6, Sec. 6.81. The Chapter Committee may also hold a hearing pursuant to a complaint by someone. If it concludes to hold to such a hearing based on someone else's complaint the controlling rule is as follows:

"Notice—On Written Complaint by Other than the Committee

"6.82 Prior to a formal hearing on a complaint in writing by other than the Committee, the Committee shall in writing, by registered mail bearing a postmarked date at least 20 days prior to the date set for hearing, notify the accused Member of the filing of the complaint, enclosing a copy thereof, of the time and place for hearing, and of the Articles of the Code of Ethics, By-Laws, and/or Regulations he is alleged to have violated, and inform him that he must file an answer with the Committee, serving a copy thereof on the complaintant, at least 10 days prior to the hearing date."

Regulation 6, Sec. 6.82 provides that "Any written complaint filed shall set out the conduct complained of and be subscribed by the complainant."

The Chapter Committee may, after hearing, admonish or reprimand a member, but it is not authorized to suspend or expel him. If the Chapter Committee, after hearings, concludes that the member should be either suspended or expelled, that Committee is required by the regulations of the Institute to send its files to the "National Committee." The National Committee, too, is not authorized to suspend or expel but if after having reviewed the file it concludes that suspension or expulsion is proper, it forwards the file to the Governing Council of the Institute. The Governing Council is the only entity authorized to inflict the punishment of expulsion or suspension.

The procedure against the appellee Hawk was instituted on August 3, 1967, when the Chapter Committee of the Houston Chapter No. 33 mailed to Hawk a notice that a formal hearing against him was to be held on September 15, 1967. That notice included this language:

"This hearing will be held pursuant to a complaint in writing pursuant to paragraph 6.82 of Regulation No. 6. A true

and exact copy of the complaint is enclosed."

The so-called complaint enclosed was in the following form:

"AMERICAN INSTITUTE OF REAL ESTATE APPRAISERS
Memorandum

"TO: Hunter A. Hogan, Chairman DATE: December 14, 1966
 Professional Ethics Committee
"FROM: Laurence Sando, Chairman
 National Appraisal Review Committee
"SUBJECT: ARC File No. 962—Texas CONFIDENTIAL

"ARC File No. 962—Texas Appraisers: R. L. Hawk, M.A.I.
"City of Houston vs W. White, M.A.I.
 Hal Biggers, et al
 Commercial land

"The above captioned file is referred to you by recommendation of the National Appraisal Review Committee specifically to R. L. Hawk for violation of 10:02 of Regulation No. 10.

"The file has been closed on ARC books in accordance with ARC/Ethics procedures.

"SL:EL:dm
"Enclosures: file data
 Hawk appr. rpt.
"cc: S. Swatzell, Secy., Prof. Ethics Committee"

---

The hearing was postponed until November 2, 1967. On that date the Committee met but decided that they should "reduce the charges regarding this report and the testimony to writing" and recessed without taking action. (The report and testimony referred to in that statement was the report of the appraisal made by Hawk and the testimony given by him concerning the value of the land in question).

On November 24, 1967, the appellee was sent the following letter:

"Dear Mr. Hawk:

"In conformance with the committee's decision at the hearing on November 2, 1967, the charges are being reduced to writing. Several questions have arisen as to whether your appraisal and subsequent testimony were based on sound appraisal techniques or were perhaps the result of advocacy. The committee will ask questions concerning your appraisal and testimony with regard to the reasoning behind your statements. You will be asked questions with respect to the following:

"1. The failure to mention that 25,000 plus square feet of the subject property was subject to flowage easement.

"2. The failure to adjust sales of great variance to the subject when they were used as comparables, and whether they were, in fact, comparable.

"3. The failure to give dimensions and other pertinent data of sales. (Comparable?)

"4. The failure to compare sales to subject.

"5. The possibility that advocacy may have led to finding a higher value than that justified by the market.

"The hearing will reconvene on January 5, 1968, at 9:00 a. m. at the Houston Board of Realtors office, 401 West Alabama.

"Let me know if you desire further information.

"Yours very truly,

"/s/ Charles L. Osenbaugh

"Charles L. Osenbaugh"

The hearing was held on January 5, 1968 and on January 20th, the following communication was sent to the appellee:

"January 20, 1968

"PERSONAL AND CONFIDENTIAL

"Mr. R. L. 'Pete' Hawk
2418 Humble Building
Houston, Texas 77002

"Dear Mr. Hawk:

"It is my duty to inform you that, after concluding its deliberations following the hearing held January 5, 1968, it was the decision of the Professional Ethics Committee of Houston Chapter No. 33 to recommend to the Professional Ethics Committee of the American Institute of Real Estate Appraisers that you be suspended from membership therein for a period of 120 days.

"A true and exact copy of the Committee's decision and findings is enclosed.

"Your attention is directed to paragraph 6.897 of the Institute's Regulation No. 6, under the terms of which you may petition the Institute's Professional Ethics Committee, for leave to appeal this decision and these findings within 30 days after the postmarked date of this letter.

"In the interim all of the testimony and documentary evidence taken at the hearing will be retained by this Committee.

"Any appeal brief filed by you will be governed by and subject to the provisions of Section 6.90 of Regulation No. 6 of the American Institute of Real Estate Appraisers.

"Very truly yours,

"/s/ Charles L. Osenbaugh

"Charles L. Osenbaugh
 Chairman, Professional Ethics
 Committee, Houston Chapter No. 33"

"DECISION

"In the Matter of R. L. Hawk

"CONFIDENTIAL

"This matter having come on for formal hearing, the Professional Ethics Committee of Houston Chapter No. 33 having considered the Answer to its Charge, the testimony and documentary exhibits, and the arguments presented, and being fully advised in the premises:

"The Committee finds:

"1. That these proceedings were conducted pursuant to the provisions of Regulation No. 6 of the American Institute of Real Estate Appraisers.

"2. That the appraisal report prepared by R. L. 'Pete' Hawk covering the real property situated at 100 Sabine Street, Houston, Texas, and dated March 19, 1963, demonstrates incompetency and advocacy in that:

"(a) the report fails to include building line restrictions of the property appraised;

"(b) though Mr. Hawk several times stated that the sales included in his report were of properties not comparable to the subject property, he relied exclusively on the market approach in his report. He did not employ the land residual technique or other available approaches to value;

"(c) no attempt was made to adjust the sales used to the subject property;

"(d) no dimensions or other pertinent data were shown with respect to several of the sales used in the report;

"(e) the table of contents of the reports lists 'Page 15,' but no such page appears in the report furnished the committee by Mr. Hawk.

"Wherefore it is the conclusion of the Committee that:

"1. In preparing the appraisal report in question Mr. Hawk violated Articles 1, 2 and 7 of the Code of Ethics and paragraphs 10.102, 10.204 and 10.401 of Regulation No. 10 of the American Institute of Real Estate Appraisers;

"2. The subject property was unusual, particularly with respect to the availability of comparable sales data; Mr. Hawk, being intelligent and competent, ought not have released the appraisal report in question, which does not justify his conclusions; but these factors have been considered mitigating circumstances by the Committee.

"In view of the foregoing findings and conclusions, it is the decision of the Committee to recommend, and they hereby recommend to the Professional Ethics Committee of the American Institute of Real Estate Appraisers that R. L. Hawk be suspended from membership in the American Institute of Real Estate Appraisers for a period of 120 days."

Thereafter the matter was referred to the National Committee who reviewed the case and recommended to the Governing Council that the suspension be increased to one year. The Governing Council accepted that recommendation and entered its order suspending the appellee Hawk from membership in the Institute for a period of one year.

The appellee in his pleadings before the trial court contended that this suspension was improper because the Institute and its agencies did not follow its own regulations providing for notice and for setting out the procedures to be followed in disciplinary hearings. Appellants here contend that there is no evidence in support of the appellee's basis of attack on the suspension order.

■ It must be borne in mind that the judgment under review is for temporary injunction. In order to authorize the trial court's rendition of judgment, granting his application for temporary injunction, the appellee was not required to show that he would prevail when the case was tried on the merits. He was required to show only that he had a probable right that was threatened with probable injury. If that was shown the trial court had broad discretion in granting or refusing the application for temporary injunction and its judgment is subject to review only for abuse of that discretion. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549.

■ We are of the opinion that the plaintiff in the trial court, in having produced the evidence summarized above which shows the procedure followed by the appellant in arriving at the order of suspension, has sustained the burden of showing a fact situation in which the trial court had discretion to grant the temporary injunction. There was shown to be sufficient departure from the prescribed procedure of rules to accomplish that end. The notice of August 3, 1967 was defective under Rule 6.82 because it was not accompanied by any valid complaint. The alleged complaint was not signed as required by Section 6.62. Furthermore, the action of the Chapter Committee, itself, in its November 2, 1967 meeting, clearly shows that it did not consider that notice of August 3, 1967 to be sufficient because of the absence of any specification of offense. The November 24th notice was not accompanied by any complaint, signed or unsigned, general or specific. In that notice the Chapter Committee apparently attempted to supply the want of specifications by listing matters as to which the member would be asked questions. Nowhere did that notice refer to any rules, regulations or by-laws of the Institute of which the member was alleged to be in violation. The finding and conclusions of the Chapter Committee on the basis of which that Committee recommended sus-

pension include matters that were not in the scope of even the questions referred to in the November 24th notice as the basis of the hearing.

 Private associations have the right to remove those of their members who fail or refuse to abide by the association's rules and regulations. Bullard v. Austin Real Estate Board, Inc., 376 S.W.2d 870, writ ref., n. r. e. However, the association's order of suspension is subject to review by the court and its enforcement will be enjoined if it is accomplished contrary to the rules and regulations of the association. Brown v. Harris County Medical Society, Tex.Civ.App., 194 S.W. 1179, no writ hist. While associations of this sort are not held to the same niceties of procedure as are applicable to trials in the courts, nevertheless, members of such associations may not be deprived of due process in proceedings to discipline them. Masonic Grand Chapter of Order of Eastern Star v. Sweatt, Tex. Civ.App., 329 S.W.2d 334, writ ref., n. r. e. The application of these rules to the facts of this case show a situation of probable right and probable injury which brings the trial court's order granting the temporary injunction within the limits of its discretion.

 The appellants, citing Hinds v. Minus, 64 S.W.2d 1093, no writ hist., contend that the appellee here is limited to the remedy of mandamus and that the remedy of injunction is not available to him. In the Hinds case the plaintiff was a member of an automobile association and the principal benefit of his membership was coverage by an insurance policy issued by the association. The association terminated his membership and cancelled his policy. The plaintiff sought an injunction which would, in effect, reinstate him to membership and reinstate the insurance policy. The court held injunction to be improper relief in that the remedy of mandamus was available to him. Without commenting on the correctness of the holding in the Hinds case, we note that the three cases cited in the next above paragraph were all cases in which

suit for injunction was used to test the validity of an expulsion order issued by a private association, and that procedure has been followed in other cases. We further note that this case involves a suspension order, not an expulsion. Furthermore, the plaintiff here sought not only an injunction against the enforcement of the suspension order but sought other relief such as an injunction against the publicizing of the action of the Institute. We overrule the appellant's point of error based on the proposition that injunction is not a procedure available to this appellee.

 The appellant, American Institute of Real Estate Appraisers, was named a party defendant in the plaintiff's petition. The petition alleged that the defendant was an unincorporated association doing business in Texas and that it "may be served with process by serving its President, Laurence Sando, at 3111 Los Feliz Boulevard, Los Angeles, California." The record reflects that this Institute was served in the manner suggested by plaintiff in his petition. The Institute entered a special appearance under Rule 120a, Texas Rules of Civil Procedure by a motion setting out that it was a non-profit corporation organized under the laws of the State of Illinois, domiciled in Chicago, Illinois and that the only service on it was the citation served on its President Sando, in the State of California, so that the trial court had no in personam jurisdiction over it. The appellants have presented a point of error to the effect that the trial court erred in overruling its special appearance motion. That point of error we sustain.

 Rule 108, Texas Rules of Civil Procedure, authorizes the service of citation outside the State of Texas on a non-resident defendant. Service in this case was in accordance with the procedure prescribed by that rule. Such service, under Rule 108, does not give the Texas courts such jurisdiction over the non-residents as will support a personal judgment against it. Bonanza, Inc. v. Lee, Tex.Civ.App., 337

S.W.2d 437, no writ hist. A judgment of injunction is in personam. Lowe & Archer, Injunctions and Other Extraordinary Proceedings, Sec. 355, p. 369.

The appellee contends that the court had jurisdiction over the appellant, Institute, because it was doing business in the State to the extent that jurisdiction could be had under Article 2031b, Vernon's Ann.Tex.St., the "long arm" statute.

This contention, however, is of no avail because he did not follow either the procedure required by Sec. 2 or that required by Sec. 5 of Art. 2031b for the service of citation on the non-resident defendant. McKanna v. Edgar, (Tex.Sup.Ct.), 388 S.W. 2d 927. Under the circumstances we do not consider it to be necessary to determine whether or not the Institute was so doing business in Texas as to be subject to the jurisdiction of the Texas courts if properly served in the ways provided in Art. 2031b.

The judgment of the trial court is reformed so that the temporary injunction against the appellant, American Institute of Real Estate Appraisers, is dissolved and the remaining portion of the trial court's judgment, enjoining the other defendants, is affirmed.