**Palmer MILLS, Appellant,**

v.

**STINGER BOATS, INC., Appellee.**

**No. 5247.**

Court of Civil Appeals of Texas, Eastland.

March 29, 1979.

Rehearing Denied April 26, 1979.

**107**

J. Kathryn Lindauer, Weil, Craig & Fischman, Dallas, for appellant.

Howard C. Rubin, Jordan, Rubin & Pace, Dallas, for appellee.

McCLOUD, Chief Justice.

Palmer Mills, plaintiff, a resident of Florida, sued defendant, Stinger Boats, Inc., a Tennessee corporation, not authorized to do business in Texas, on a sworn account. Citation was served upon Al Collins, who the parties stipulated was either the president or a vice-president of defendant at time of service, while Collins was in Dallas attending a boat show. Defendant filed a special appearance challenging jurisdiction. The court found that it had no jurisdiction of defendant and dismissed plaintiff's suit. Plaintiff has appealed. We affirm.

The court found that Collins was the person in charge of defendant's business for the week of the "Boat Show in Dallas, Texas"; that the transaction "out of which plaintiff's suit arose was for sales in the southeastern United States and not in Texas"; and that defendant "has done business in Texas unrelated to the transactions upon which this suit is based."

In its conclusions of law, the court concluded that since the transaction upon which the suit was based did not arise from or was not connected with defendant's actions in Texas, the plaintiff failed to meet the requirements of *O'Brien v. Lanpar Company*, 399 S.W.2d 340 (Tex.1966). The court also concluded that plaintiff's pleadings failed to contain sufficient allegations to invoke proper service under Tex.Rev.Civ. Stat.Ann. art. 2031b (1964).

We will not reach the "due process" issue discussed in *O'Brien v. Lanpar Company*, 399 S.W.2d 340 (Tex.1966) because plaintiff failed to properly serve the defendant.

Plaintiff failed to allege the jurisdictional requirements of Article 2031b. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965); *Gathers v. Walpace Co., Inc.*, 544 S.W.2d 169 (Tex. Civ.App.—Beaumont 1976, writ ref'd n. r. e.); *Alpha Guard, Inc. v. Callahan Chemical Company*, 568 S.W.2d 448 (Tex.Civ.App.—Austin 1978, no writ). Plaintiff makes no contention that he complied with Article 2031b, but argues that he properly served defendant under Tex.Rev.Civ.Stat.Ann. art. 2029 (1964) which provides:

> In suits against any incorporated company or joint stock association, the citation may be served on the President, Vice President, Secretary, Cashier, Assistant Cashier, or Treasurer of such company or association, or upon the local agent of such company or association in the county where the suit is brought, or by leaving a copy of the same at the principal office of the company during office hours. If neither the President, Vice President, Secretary, Assistant Secretary, Cashier, Assistant Cashier, or Treasurer reside in the county in which suit is brought, and such company or association has no agent in the county, then the citation may be served upon any agent representing such company, corporation, or association in the State.

Defendant argues that Article 2029 does not apply to foreign corporations that are not authorized to do business in Texas. We agree.

Plaintiff acknowledges that Tex.Bus. Corp.Act art. 2.11 (1956), a specific statute, replaces Article 2029 as to domestic corporations, *Ponca Wholesale Mercantile Company v. Alley*, 378 S.W.2d 129 (Tex.Civ.App.—Amarillo 1964, writ ref'd n. r. e.), but he argues that by the express language in Tex. Bus.Corp.Act art. 8.10 (1956), service of

**108**

process on a foreign corporation may be made under Article 2029. Plaintiff relies upon the 1973 amendment of Article 8.10 which provides:

> D. Nothing herein contained shall limit or affect the right to serve any process, notice, or demand required or permitted by law to be served upon a foreign corporation in any other manner now or hereafter permitted by law.

Plaintiff contends this amendment makes it clear that there is no exclusive method of serving process on a foreign corporation. Article 8.10 deals with service of process on foreign corporations authorized to transact business in Texas. The defendant, Stinger Boats, Inc., was not authorized to transact business in Texas.

The bar committee comment following the amendment states:

> The 1973 amendment adding Section D makes clear that Art. 8.10 is not the exclusive method for obtaining service of process on foreign corporations which have a certificate of authority to transact business within the State, and constitutes a legislative overruling of judicial holdings that Art. 8.10 preempts other statutes on the subject. In connection with the adoption of Section D, Arts. 2031, 2031–1 and 2031a of the Vernon's Ann. Civ.St. (1964) were repealed because their provisions overlapped and sometimes conflicted with Art. 8.10 and with Art. 2031b, the long-arm statute dealing with service of process on foreign corporations and other business associations engaging in activities within the State. *Accordingly, Art. 2031b is the statute under which service of process should be obtained against a foreign corporation which has not received a certificate of authority to transact business within the State* and is also a proper statute, in addition to Art. 8.10, for securing service of process against a foreign corporation which has qualified under the Act to transact business within the State. (Emphasis added)

Professor Lebowitz in 28 Sw.L.J. page 850 states:

there are now but three statutes on service of process that apply to general business or non-profit foreign corporations; TBCA article 8.10 and Non-Profit Corporation Act article 8.09 for qualified foreign corporations, and article 2031b, the long-arm statute, for use against either foreign corporations that should have qualified to transact business and should have designated a registered agent but have not or those whose activities within the state do not require qualification but have nevertheless transacted some business in Texas. Lebowitz, *Recent Developments In Texas Corporation Law—Part II,* 28 Sw.L.J. 823 (1974).

 Plaintiff failed to comply with the requirements of Article 2031b, which specifically controls the service of process on a foreign corporation that is not authorized to transact business in Texas. Article 2029 is not applicable.

Judgment of the trial court is affirmed.