**MINEXA ARIZONA, INC. & Frank Norton, Appellants,**

v.

**Rainer STAUBACH & Dieter Altman, Appellees.**

No. 05–83–00426–CV.

Court of Appeals of Texas, Dallas.

Jan. 2, 1984.

Rehearing Denied March 20, 1984.

Dean Carlton, Ron V. Berkowitz, The Carlton Firm, Dallas, for appellants.

Michael Tibbals, Dallas, for appellees.

Before AKIN, ALLEN and STEWART, JJ.

AKIN, Justice.

This appeal is from an order overruling Minexa's special appearance under TEX.R. CIV.P. 120a and the granting of a temporary injunction against Minexa and Frank Norton. Staubach and Altman, who are citizens of West Germany, brought this suit as a class action against Minexa, an Arizona corporation, not authorized to do business in Texas, and Frank Norton, a purported vice president of the corporation. Staubach and Altman sought an accounting, alleging common law fraud, statutory fraud, and violation of section 33 of the Texas Securities Act. Minexa contends that a Texas court is without jurisdiction because Staubach and Altman failed to plead sufficient jurisdictional facts and because they failed to comply with the proper provision of Art. 2031b in serving process on Minexa. Minexa and Norton argue that the trial court erred in granting a temporary injunction because Staubach's and Altman's pleadings "fail to support the granting of injunctive relief." Minexa and Norton also contend that the injunction granted is impermissibly broad. Because we disagree with the contentions of Minexa and Norton, we affirm the judgment of the trial court.

We address first Minexa's contention that the court is without personal juris-

diction of Minexa. In a special appearance under Rule 120a, defendant has the burden to prove that it is not amenable to the jurisdiction of a Texas court. *T.M. Productions v. Blue Mountain*, 623 S.W.2d 427, 430 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). However, this burden has been eroded by a rule, the soundness of which we doubt, which imposes upon the plaintiff, the duty "to allege the existence of the conditions which ... are a prerequisite to the acquisition of personam jurisdiction by substituted service," even though the defendant makes a special appearance. *Gathers v. Walpace Co., Inc.*, 544 S.W.2d 169, 170 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.). Because the pleadings in this case allege sufficient jurisdictional facts under Article 2031b, the *Gathers* rule is met.

■ In determining the sufficiency of the plaintiff's jurisdictional allegation, we must review the plaintiff's original petition and supplemental petitions. The basic jurisdictional allegations of Staubach and Altman are found in the plaintiff's third supplemental petition, as follows:

> Plaintiffs would show that defendant Minexa Arizona, Inc. is an Arizona corporation, which does not have a certificate of authority to transact business in the State of Texas, *but which nevertheless has been and is engaged in business in the State of Texas and which has and does maintain an office and its principal place of business at 6517 Hillcrest Avenue, Dallas, Texas. Plaintiffs would further show that Defendant Frank Norton has been at all times relevant hereto the person in charge of Defendant Minexa's business and has been at all times relevant hereto the Vice President of Minexa.* Plaintiffs would further show that Defendant Minexa has been properly served with process by virtue of service upon Frank Norton pursuant to Article 2031(b); Section 2, V.A.T.C.S. and Plaintiff's mailing via certified mail a copy of the process to the actual principal place of business of Minex and to the alleged principal place of business of Minexa. Further, service of process upon the vice president of a corporation having its principal place of business in Texas is sufficient without the necessity for compliance with Article 2031(b). [Emphasis added].

Minexa was alleged to be a mineral exploration company. In their original petition, Staubach and Altman pleaded that their cause of action arose over money invested with Minexa which had been solicited through two prospectuses distributed in Germany. The cause of action was predicated upon the misuse of solicited funds by Minexa and its officers and upon misrepresentations made by Minexa in the prospectuses. Copies of the prospectuses, both in their original form in German and in English translation, are attached to the plaintiff's original petition. The petition alleges, and the prospectuses confirm, that the funds solicited were to be paid into a trust account at Republic National Bank in Dallas. Additionally, these prospectuses listed the address of Minexa Arizona as being in the Hillcrest Bank Building in Dallas, Texas.

■ Staubach and Altman have pleaded sufficient jurisdictional facts to meet their burden of pleading in the special appearance context as held in *Gathers*. Since Minexa was a foreign corporation not registered to do business in Texas, Minexa contends that section 3 of TEX.REV.CIV. STAT.ANN. art. 2031b (Vernon 1964) required Staubach and Altman to serve process on Minexa by serving the Secretary of State. However, we conclude that service of process on the Secretary of State is unnecessary because section 2 of article 2031b applies to Minexa because Minexa maintains a regular place of business in Texas. Section 2 provides:

> When any foreign corporation, ... though not required by any Statute of this State to designate or maintain an agent, shall engage in business in this State, in any action in which such corporation, ... is a party or is to be made a party arising out of such business, service may be made *by serving* a copy of

the process *with the person who,* at the time of the service, *is in charge of any business* in which the defendant or defendants are engaged in this State, provided a copy of such process, together with notice of such service upon such person in charge of such business shall forthwith be sent to the defendant or to the defendant's principal place of business by registered mail, return receipt requested.

Staubach's and Altman's pleadings allege that Minexa did business by maintaining its principal place of business in Texas. Their petition also alleges that the person served, Norton, was in charge of the business. Although Staubach and Altman have not pleaded in the precise language of the statute that the action arose from the business in which Minexa engaged in Texas, this allegation is clearly implied by a reading of the pleadings as a whole. In this respect, Staubach and Altman pleaded that the prospectuses listed the office in Dallas and their funds were sent to the Dallas office and deposited in Minexa's bank account in Dallas. Thus, the obvious conclusion is that Minexa was using its Dallas office to solicit and to maintain funds to be used in its exploration operation in Arizona. Consequently, the suit arose out of business transacted in Dallas. Unless we are to return to the traps of antiquated form pleading, Staubach's and Altman's pleadings are sufficient to give Minexa notice that it is being sued in a Texas Court under section 2 of article 2031b.

■ Finally, Staubach and Altman allege that a copy of the citation was served on Norton, a vice president in charge of the Dallas office, together with notice of such service, was forwarded to Minexa's "alleged place of business." This pleading is sufficient to show that Altman and Staubach complied with service of process as required by the statute. Thus, we hold that Staubach and Altman's pleadings subject Minexa to service of process under section 2 of article 2031b by service upon Norton, who was in charge of the Dallas office of Minexa.

■ Nevertheless, Minexa argues that it could only be properly served by transmitting process through the Texas Secretary of State as specified in section 3 of article 2031b. This argument is based on the phrase in section 2 of 2031b that a foreign corporation may be served at its Texas place of business "though not required by any statute of this state to designate or maintain an agent." This language does not exclude Minexa from the coverage of section 2. Indeed, the supreme court has held that service of process through the courts on the Secretary of State should be employed only if there is no one who may be served in Texas. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965). Consequently, we disagree with Minexa's contention.

The cases cited by Minexa are not on point. *Mills v. Stinger Boats Inc.,* 580 S.W.2d 106 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.) concerned a plaintiff who alleged in his petition that he had served the defendant under TEX.BUS.CORP.ACT. art. 8.10 (Vernon 1980). *Mills* held that a plaintiff who sought to acquire jurisdiction over a foreign corporation not authorized to transact business in Texas should utilize art. 2031b rather than art. 8.10 of the Business Corporation Act. That case did not discuss the allegations required to acquire jurisdiction over a foreign corporation under art. 2031b. *American Institute of Real Estate Appraisers v. Hawk,* 436 S.W.2d 359 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ) held that Texas did not acquire jurisdiction where the plaintiff did not make sufficient jurisdictional allegations with respect to an out of state unincorporated association because it sought to utilize the procedure set out in TEX.R.CIV. PROC.ANN. 108 rather than art. 2031b. *American Institute* held that the procedure set forth in Rule 108, "does not give the Texas courts such jurisdiction over the non-residents or will support a personal judgment against it." *American Institute of Real Estate Appraisers,* 436 S.W.2d at 365. *American Institute* specifically noted that the plaintiff made no attempt to

comply with art. 2031b and thus did not discuss what would constitute sufficient allegation of jurisdiction under that article.

Minexa and Norton next argue that "deficiencies in appellee's pleading, ... as a matter of law, preclude them from injunctive relief granted by the trial court." The basis of this contention is two-fold. First, Staubach and Altman requested Writs of Attachment and Garnishment, which Minexa contends is an adequate remedy at law. Second, because Altman and Staubach prayed for specific and calculable damages, they have not shown the harm which must be established in order to obtain injunctive relief. We cannot agree.

■ Temporary injunctions are designed to preserve the status quo prior to a trial on the merits of a cause. In order for a party to secure a temporary injunction, he must plead and prove a probable right to recovery and a probable injury if the injunction is not granted. *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684, 687 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). An injunction will not issue if damages are adequate to compensate the plaintiffs for any wrong committed by the defendant and if the damages are subject to measurement by a certain pecuniary standard. *McGonagill v. Hide-A-Way Lake Co.*, 566 S.W.2d 371, 375 (Tex. Civ.App.—Tyler 1978, no writ). The basis for this rule is that no injury will result from the denial of an injunction if damages are adequate compensation. Although the equitable remedy of an injunction may not be obtained if there is an adequate remedy at law, that remedy must be as "plain and complete, and as practical and efficient to the end of justice and its prompt administration as a remedy in equity." Thus, a party requesting a temporary injunction has the duty to negate the existence of adequate legal remedies. *Handcock v. Bradshaw*, 350 S.W.2d 955, 957 (Tex.Civ. App.—Amarillo 1961, no writ). In pleading to secure a temporary injunction, a plaintiff must clearly allege the facts upon which he relies. *Winslow v. Duval County Ranch Co.*, 519 S.W.2d 217, 225–26 (Tex.Civ.App. —Beaumont 1975, writ ref'd n.r.e.).

In this respect, Staubach and Altman pleaded the following facts. Several million dollars had been paid by Staubach, Altman, and the members of the class which they represent, into a trust account maintained by Minexa. These funds were allegedly improperly dissipated when Minexa and the other defendants utilized the funds for purposes other than those listed in the prospectuses. According to the pleadings, only one hundred and twenty thousand dollars remained of the three million dollars paid to Minexa by Staubach, Altman and the other members of the class. Staubach and Altman requested that these funds of Minexa be attached and garnished. Certain funds had been lent by Minexa to a corporation controlled by defendant Wurbs who was also the president of Minexa. The stock of this corporation in turn had been transferred to a Canadian corporation, also controlled by Wurbs and Norton. Furthermore, Wurbs was seeking to establish citizenship on the Isle of Man.

■ We hold that Staubach's and Altman's pleadings are sufficient to support the issuance of a temporary injunction. Although Staubach and Altman requested the attachment of funds held by Minexa, this remedy was not adequate to prevent the defendants from transferring the assets of Minexa to other corporations under their control and from placing those assets beyond the trial court's jurisdiction. Nor were the remedies of attachment and garnishment sufficient to preserve assets not known by Staubach and Altman. Thus, the legal remedies of attachment and garnishment are not as efficient in this case as the equitable remedy of an injunction.

■ With respect to the argument that the injunction was improper because the damages in this case were readily calculable, we do not see the applicability of this rule in the context of this case. The fact that damages may be subject to the most precise calculation becomes irrelevant if the defendants in a case are permitted to dissipate funds specific that would other-

wise be available to pay a judgment. Our holding does not mean that a party may be enjoined from utilizing funds in his possession any time a suit is brought against him. However, such a restraint is warranted in this case since all of the funds in question were provided by Staubach, Altman and other members of their purported class. Some of these funds have allegedly been dissipated by the fiduciaries holding them, while the fiduciaries are seeking to place the remaining funds beyond the jurisdiction of the Texas court. Accordingly, we hold that the restraint placed upon the defendants is warranted in this case.

The final contention of Minexa and Norton is that the injunction issued by the trial court is overly broad because it restrains two corporations which are not parties to the suit. We cannot agree. The injunction does not restrain these corporations but rather restrains Minexa and Norton in their dealings with these corporations. Accordingly, the judgment is affirmed.