**FISK–ALLIED, a Joint Venture, Plaintiff,**

v.

**MANHATTAN CONSTRUCTION COMPANY, INC., Defendant.**

Civ. A. No. 93–CV–175.

United States District Court, E.D. Texas, Beaumont Division.

Aug. 11, 1993.

Jeffrey C. Gilmore, Jon M. Wickwire, Timothy B. Harris, Vienna, VA, Clint W. Lewis, Lewis & Henry, Beaumont TX, for plaintiff.

W. Kyle Gooch, Robert C. Elder, Jr., David G. Surratt, Canterbury Stuber Pratt, Dallas, TX, Roger Kelly Donaldson, Andrews Myers & Donaldson, Beaumont, TX, for defendant.

*MEMORANDUM OPINION*

COBB, District Judge.

On April 16th, plaintiff Fisk–Allied (FA), subcontractor, filed a diversity suit against

Manhattan Construction Company, Inc. (MCC), contractor, in contract, tort, and *quantum meruit,* for $3.1 million in damages (delay, disruption, and acceleration costs) incurred by MCC's revised work schedule. FA now seeks a preliminary injunction requiring MCC to establish a $3.1 million trust account with FA as beneficiary to prevent dissipation of the funds pending resolution of its suit against MCC and in accordance with the Texas Construction Trust Fund Statute. V.T.C.A., Property Code § 162.001 *et seq.* A hearing on the motion for injunctive relief was held on July 15th. For the reasons given below, plaintiff's motion is denied.

MCC is under contract with Texas Department of Criminal Justice to build a maximum security prison in Beaumont. MCC subcontracted the electrical work to FA. Due to the alleged deficiencies of a sub-contractor hired at TDCJ's direction, MCC had to revise its work schedule, causing damages to FA, who submitted a $3.1 million claim for these costs to MCC, who presented it along with other claims as part of a $17.2 million Request for Equitable Adjustment submitted to TDCJ, who settled for $6 million with MCC, who has not compensated FA, who has brought this suit.

■ FA moves for injunctive relief, arguing that 1) the monies owed them by MCC are in trust by operation of the Texas Construction Trust Fund Statute; 2) injunctive relief to prevent the dissipation of trust funds are a remedy available to beneficiaries under Texas law; *North Texas Operating Engineers Health Benefit Fund v. Dixie Masonry, Inc.,* 544 F.Supp. 516 (N.D.Tex.1982); *Minexa Arizona, Inc. v. Staubach, et al.,* 667 S.W.2d 563 (Ct.App.Tex.1984) (corporation enjoined to prevent further trust-fund dissipation pending trial); *see Group Joint Venture, et al. v. SPF Joint Venture,* 765 S.W.2d 901 (Tex.App.—Austin 1989); and therefore, 3) the court should enjoin MCC to place the money in a separate account and not to spend it pending the disposition of this suit against them.

■ However, injunctive relief is not available for the kind of trust created by the Texas Construction Trust Fund Statute. The statute itself provides only for criminal penalties. V.T.C.A., Property Code § 162.032. Furthermore, the Fifth Circuit's analysis of the statute finds that it "falls far short of statutes … creating classic, expressed trust arrangement[s]" for which injunctive relief is normally available. *Matter of Nicholas,* 956 F.2d 110, 113 (5th Cir.1992) (upholding *Boyle v. Abilene Lumber,* 819 F.2d 583 (5th Cir.1987)). Consequently, the cases cited by FA, which are not on the trust fund statute, and which grant injunctive relief on a showing that the monies were in trust by operation of normal trust fund law and that the trustee had misapplied the funds, are inapposite here.

Even if the statute did operate to create a trust for which injunctive relief was a remedy, FA has not made a sufficient showing that MCC has misapplied the funds. MCC has presented facts indicating that the money obtained from TDCJ has already been spent on expenses related to the construction project, (which claim is an affirmative defense under the statute, § 162.031(b)), precluding a finding of a violation of the trust and the need for injunctive relief. The Fifth Circuit has held that a contractor may use funds in trust under this statute to keep the construction project going "even if, in some instances, the beneficiaries are not paid first." *Matter of Nicholas.* All the FA has shown is that a portion of the funds were temporarily placed into short term debt obligations, which does not constitute a showing that MCC spent the money for investment purposes unrelated to the project.

Finally, FA has not satisfied the "injury" requirement for obtaining a preliminary injunction under federal or state law. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 471 (5th Cir.1985) (movant must show "irreparable injury"); *Minexas Arizona Inc. v. Staubach et al.,* 667 S.W.2d 563, 567 (Tex.App. 5 Dist. 1984) (movant must show "probable injury" and negate the existence of adequate legal remedies). MCC is solvent, the construction project is bonded for $62 million, and FA has made a claim on that bond in compliance with Article 5160 (the McGregor Act) of the Texas Revised Civil Statute, which constitutes an adequate remedy at law.

Consequently, plaintiff's motion for injunctive relief is DENIED.