NO. 07-05-0125-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 20, 2006



______________________________




KELLY JEROME FRAZIER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 48,953-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Appellant Kelly Jerome Frazier pled guilty to aggravated robbery, and adjudication
of guilt was deferred in favor of seven years of community supervision and a $1,000 fine. 
On February 17, 2005, the State filed a second amended motion to proceed with
adjudication of guilt alleging appellant failed to comply with various conditions of his
community supervision. Appellant pled true to the violations alleged, and following an
evidentiary hearing, was adjudicated guilty of the original offense and sentenced to twenty
years confinement. In presenting this appeal, counsel has filed an Anders (1) brief in support
of a motion to withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies she has diligently reviewed the
record, and in her opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.-San Antonio 1984, no pet.). Thus, she
concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court's judgment. Counsel has also shown that she sent a copy
of the brief to appellant and informed appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that she notified appellant of his right to
review the record and file a pro se response if he desired to do so. Appellant subsequently
filed a pro se response alleging, among other things, ineffective assistance of counsel. The
State did not favor us with a brief.

 By her Anders brief, counsel discusses whether the trial court abused its discretion
in revoking appellant's deferred adjudication and sentencing him to twenty years
confinement. We have reviewed this ground in addition to the grounds raised by appellant. 
We have also conducted an independent review of the entire record to determine whether
there are any other arguable grounds which might support an appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d
824 (Tex.Cr.App. 2005). We have found no such grounds and agree with counsel that the
appeal is frivolous.

 Accordingly, counsel's motion to withdraw is hereby granted and the trial court's
judgment is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



ubbock County
Court's action on the ground that the 152nd District Court of Harris County had dominant
jurisdiction of the controversy and, among other things, TADA contended that it had the
right to manage, within legal limits, its own affairs without interference from the courts. (2) 

 By their petition for writ of mandamus, PISD, et al. present six issues questioning
whether (1) the 72nd District Court of Lubbock County abused its discretion in denying
PISD, et al.'s plea in abatement because the 152nd District Court of Harris County had
previously acquired dominant jurisdiction; (2) the trial court abused its discretion in entering
a temporary injunction granting relief beyond orders necessary to preserve the status quo
pending final trial on the merits; (3) a writ of mandamus should issue directing the 72nd
District Court of Lubbock County to rescind its order granting a temporary injunction and
denying PISD, et al.'s plea in abatement; (4) the trial court abused its discretion in
misapplying the law to the facts of the case; (5) the trial court abused its discretion in
accepting jurisdiction of the matter where testimony established that there is no controversy
between LISD and TADA; and (6) the trial court abused its discretion in entering a
temporary restraining order without requiring a bond. (3) Before we address the issues
presented by PISD, et al., we first set forth the appropriate standard of review applicable
to mandamus proceedings.

Standard of Review


 A writ of mandamus will only issue to correct a clear abuse of discretion or violation
of a duty imposed by law when there is no adequate remedy by appeal, and the relator has
the burden to present the appellate court with a record sufficient to establish the right to
mandamus. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding).
With respect to factual matters committed to the trial court's discretion, the appellate court
may not substitute its judgment for that of the trial court. Id. at 837. However, a review of
a trial court's determination of controlling legal principles is entitled to much less deference. 
Id. at 840. In our analysis, we "must focus on the record that was before the court and
whether the decision was not only arbitrary but also amounted 'to a clear and prejudicial
error of law.'" In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998). 

 Notwithstanding the rule that an injunction acts in personam and not in rem, 
American Institute of Real Estate Apprais. v. Hawk, 436 S.W.2d 359, 366
(Tex.Civ.App.-Houston [14th Dist.] 1968, no writ) (emphasis added), and that PISD, et al.
did not serve or join LISD or the members of the team, as their principal argument
presented by their third issue, PISD, et al. contend that a writ of mandamus should issue
directing the 72nd District Court of Lubbock County to rescind its order granting a
temporary injunction and denying PISD, et al.'s plea in abatement on the ground that
dominant jurisdiction was vested in the Harris County District Court. In support of their
contention, PISD, et al. rely on Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245 (Tex. 1988). 
However, Wyatt is not controlling because all parties affected by the litigation were before
the court and questions of abatement and injunctive relief were presented. Moreover, even
if dominant jurisdiction was vested in the District Court of Harris County, a question we
need not decide, the trial court's denial of PISD et al.'s plea in abatement was grounded
on estoppel.

 In 4M Linen & Uniform v. W.P. Ballard & Co., 793 S.W.2d 320, 322 (Tex.App.--Houston [14th Dist.] 1990, writ denied), the court held:

 The party who filed the first suit may, however, be estopped from asserting
the jurisdiction of the first court.


[Citations omitted]. The court also noted that the issue of estoppel is a fact question to be
determined by the court where the plea in abatement is filed. By his order, among other
things, Judge Cherry concluded that PISD, et al. were estopped to assert dominant
jurisdiction because of the untimely nature of their action and because LISD and its team
members were not made parties in the Harris County proceeding. A review of the trial
court's determinations of fact requires our review of a reporter's record. Id. at 322-23. 
However, as is common in mandamus and expedited matters, we have not been provided
with a complete reporter's record. (4) Accordingly, because the Lubbock District Court's
resolution of the factual issue is entitled to deference in a mandamus proceeding and
should not be set aside unless it is clear from the record that only one decision could have
been reached, we conclude that Judge Cherry did not abuse his discretion in denying PISD,
et al.'s plea in abatement. GTE Communications v. Tanner, 856 S.W.2d 725, 729 (Tex.
1993). Similarly, the trial court's factual decision regarding its jurisdiction is also entitled to
the same measure of deference, and accordingly, PISD, et al.'s fifth issue does not require
that mandamus issue. See Bland Independent School Dist. v. Blue, 34 S.W.3d 547, 555
(Tex. 2000) holding that the trial court may consider evidence to resolve jurisdictional
issues raised. Issues three and five are therefore overruled. 

 We have not overlooked PISD, et al.'s other issues; however, our disposition of the
principal contention pretermits our consideration of the remaining issues. Tex. R. App. P.
47.1. PISD, et al.'s petition for writ of mandamus is denied.

 Don H. Reavis

 Justice


Publish. 
1. Based on arguments and briefing, it appears that LISD, et al. were not made
parties to the Harris County proceeding, and that LISD's attorney was present at the
hearing on March 27, 2002. However, the extent of LISD's participation in the hearing is
uncertain from the limited record common to mandamus proceedings.
2. Burge v. American Quarter Horse Ass'n, 782 S.W.2d 353, 354 (Tex.App.-Amarillo
1990, no pet.)
3. A requirement of a bond does not implicate denial of the plea in abatement. 
Moreover, the record demonstrates that the requirement of a bond was waived. Tex. R.
Civ. P. 684.
4. According to the reporter's record, this Court was provided with excerpts of the
proceedings.