

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00436-CV

Judith **ZAFFIRINI**, David H. Arredondo and Clarissa N. Chapa,
as Co-Trustees of the Exempt Trust of Rocio Gonzalez Guerra,
Appellants

v.

Rocio G. **GUERRA**,
Appellee

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2008-PB7-000016-L2
Honorable Jesus Garza, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  November 26, 2014

REVERSED AND RENDERED

This appeal presents numerous grounds challenging the trial court's order granting Rocio G. Guerra's first amended application for temporary injunction. Because we hold that Guerra did not meet her burden of negating the existence of adequate legal remedies, we reverse the trial court's order and render judgment dissolving the injunction.

## BACKGROUND

Josefina Alexander Gonzalez and Delfina E. Alexander are sisters who owned over 1,000 acres of real property in Webb County. As part of their estate planning, Josefina and Delfina

transferred the real property to a limited partnership and formed other limited partnerships to manage and develop the property. A limited liability company also was formed to act as the general partner of the limited partnerships. Finally, Josefina and Delfina formed the Delfina & Josefina Alexander Family Trust, an irrevocable trust which owned 90% of the limited partnership interests in most of the limited partnerships. Guerra, who is Josefina's daughter, and Guerra's two children are the sole beneficiaries of the Family Trust.

Delfina passed away in 2008. Her will contained several specific bequests and left the residuary of her estate to the Rocio Gonzalez Guerra Exempt Trust of which Guerra is the sole beneficiary. The appellants, Judith Zaffirini, David H. Arredondo, and Clarissa N. Chapa, were named as the co-executors of Delfina's estate and the co-trustees of the Exempt Trust. They also serve as the attorneys-in-fact under a power of attorney executed by Josefina, who is now unable to manage her business affairs. In these various capacities, Zaffirini, Arredondo, and Chapa control the management of the limited liability company which makes the decisions for the limited partnerships.

In 2013, Guerra sued Zaffirini, Arredondo, and Chapa, individually and in their capacities as co-executors of Delfina's estate and co-trustees of the Exempt Trust, seeking their removal as co-executors and co-trustees. Guerra's petition also alleged numerous causes of action, including breach of fiduciary duty and fraud, and sought a declaratory judgment. Finally, Guerra sought and obtained a temporary injunction which is the subject of this appeal.

### STANDARD OF REVIEW AND REQUIRED PROOF

"A temporary injunction is an extraordinary remedy that does not issue as a matter of right." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Walling v. Metcalfe*, 863 S.W.2d 56, 57-58 (Tex. 1993). To obtain a temporary injunction, the applicant has the burden to plead and prove a probable right to the relief sought and a probable injury in the interim. *Walling*, 863

S.W.2d at 57; *Camp Mystic, Inc. v. Eastland*, 399 S.W.3d 266, 273 (Tex. App.—San Antonio 2012, no pet.). We review a trial court's order granting a temporary injunction under an abuse of discretion standard. *Butnaru*, 84 S.W.3d at 204. *Id.* A trial court has no discretion in determining what the law is or in applying the law to the facts. *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 614, 624 (Tex. 2005). Therefore, a trial court abuses its discretion if it fails to analyze or apply the law correctly. *Id.*

### PROBABLE INJURY/ADEQUATE REMEDY AT LAW

"Probable injury is established by tendering evidence of imminent harm, irreparable injury, and an inadequate legal remedy." *Camp Mystic, Inc.*, 399 S.W.3d at 273. An injury is not irreparable if the injured party can be adequately compensated in damages. *Butnaru*, 84 S.W.3d at 204.

Zaffirini, Arredondo, and Chapa assert the trial court erred in granting injunctive relief because the record does not show that Arredondo or Chapa would be unable to repay the attorney's fees spent defending against Guerra's allegations, and the record affirmatively demonstrates that Zaffirini would be able to repay the fees. Accordingly, the appellants contend that Guerra failed to negate the existence of an adequate legal remedy.

Guerra does not challenge the appellants' assertion that she failed to negate an adequate remedy at law since she could be adequately compensated in damages for the attorneys' fees spent in the appellants' defense. Instead, Guerra contends that she was not required to prove that she lacked an adequate remedy at law. In support of this contention, Guerra primarily relies on the Austin court's decision in *183/620 Group Joint Venture v. SPF Joint Venture*, 765 S.W.3d 901 (Tex. App.—Austin 1989, writ dism'd w.o.j.).

In *183/620 Group Joint Venture*, the appellee and other landowners entrusted a large sum of money to the appellants to be held by them as fiduciaries and expended according to the parties'

contracts. 765 S.W.2d at 902-03. Pursuant to the contracts, the appellants were to serve as "project manager" of the landowners' properties and expend the money to improve the properties. *Id*. at 902. The appellee subsequently sued the appellants, asserting that the appellants failed to properly manage the construction improvement projects. *Id*. The appellee sought an injunction to require the appellants to repay funds expended in defense of the pending lawsuit and to restrain the appellants from any future expenditures for the same purpose. *Id*. at 902-03. The trial court found that the parties' contracts did not authorize the appellants to use the money entrusted to them for their defense. *Id*. at 903. The trial court further found that a temporary injunction was necessary to maintain the existing status of the trust funds even though there was no showing that appellants would be unable to pay a judgment for damages that might be based on their misappropriation of the funds. *Id*.

The Austin court initially noted that an inadequate legal remedy must generally be shown before a trial court can grant a temporary injunction. *Id*. The Austin court reasoned, however, that such a showing "is only an ordinary requirement; it is not universal or invariable." *Id*. Where the injunction seeks to restrain a party from expending sums held by them as fiduciaries, the Austin court held that damages would not be an adequate remedy "because the funds will be reduced, pending final hearing, so they will not be available *in their entirety, in the interim*, for the purposes for which they were delivered to the holder in the first place." *Id*. at 904 (emphasis in original). Based on this holding, Guerra asserts "the ability of the parties to respond in damages is immaterial in this type of case involving fiduciary duties." The trial court clearly adopted this holding in *183/620 Group Joint Venture*, as its order expressly states, "the legal remedy here is 'inadequate' in that the Fiduciary Assets will be reduced, pending a final hearing, so that these assets will not be available in their entirety, in the interim period for the benefit of [Guerra] and her two minor children."

Initially, we note the facts in the cited case are distinguishable from the instant case. First, Guerra did not entrust the money in question to the appellants; instead, Delfina and Josefina entrusted their money to the appellants in their capacities as attorneys-in-fact, co-executors, and co-trustees. Second, the trial court made no finding that the various instruments pursuant to which the appellants administered the money did not authorize them to expend money in their defense of Guerra's lawsuit. Finally, there was no showing that the money used by the limited partnership and general partner to pay the attorney's fees would otherwise be distributed by the limited partnership as partnership distributions and eventually be provided to Guerra in the interim for support. Moreover, the funds being expended on the attorney's fees would not "otherwise be available to pay a judgment" if Guerra obtained a judgment against the appellants. *See Minexa Ariz., Inc. v. Staubauch*, 667 S.W.2d 563, 567-68 (Tex. App.—Dallas 1984, no pet.) (holding injunction appropriate where defendants were dissipating funds "that would otherwise be available to pay a judgment"); *see also Gatlin v. GXG, Inc.*, No. 05-93-01852-CV, 1994 WL 137233, at *8 (Tex. App.—Dallas Apr. 19, 1994, no pet.) (same).

More importantly, however, we disagree that the requirement of irreparable injury is "only an ordinary requirement" and is not applicable where the underlying claim alleges a breach of fiduciary duty. The Texas Supreme Court has repeatedly listed a probable, imminent, and irreparable injury as one of the specific elements an applicant for temporary injunction must prove. *Butnaru v. Ford Motor Co.*, 84 S.W.3d at 204; *Walling*, 863 S.W.2d at 57. Stressing the importance of this element, the Texas Supreme Court has even stated, "Damages are usually an adequate remedy at law, and the requirement of demonstrating an interim injury is not to be taken lightly." *Walling*, 863 S.W.2d at 57.

In *Camp Mystic, Inc.*, this court considered an appeal of a trial court's order granting a temporary injunction in a case involving a claim of breach of fiduciary duty. 399 S.W.3d at 270.

In that case, a family restructured a company that owned and operated a summer camp for girls. *Id*. After the restructure, Natural Foundation Properties, Inc. ("NFP") owned the real property on which the camp was located and leased it to a newly formed company, Camp Mystic, Inc. ("CMI"). *Id*. Richard Eastland and his wife were the sole owners of CMI, and Richard also was the majority shareholder of NFP. *Id*. A dispute subsequently arose between Richard and the minority shareholders regarding the amount of rent CMI paid NFP for the property. *Id*. The minority shareholders asserted a breach of fiduciary duty claim against Richard, alleging that he used his control of NFP to approve a lease that benefited CMI to NFP's detriment. *Id*. at 271. The minority shareholders also sought a temporary injunction requesting the appointment of a receiver to negotiate an interim short-term lease that would require CMI to pay "fair" rent pending a final hearing. *Id*. at 272. Although the underlying claim was for breach of fiduciary duty, this court focused its analysis on the requirement that the minority shareholders were required to show an irreparable injury. *Id*. at 274. Holding that the recovery of lost-rent damages would adequately compensate the minority shareholders if a jury later determined that NFP should have received a higher rent from CMI, we reversed the trial court's order granting the temporary injunction. *Id*.; *see also Graham Mortgage Corp. v. Hall*, 307 S.W.3d 472, 481-82 (Tex. App.—Dallas 2010, no pet.) (analyzing probable irreparable injury requirement in reviewing temporary injunction in suit alleging breach of fiduciary duty); *Jenkins v. Transdel Corp.*, No. 03-04-00033-CV, 2004 WL 1404364, at *3 (Tex. App.—Austin June 24, 2004, no pet.) (same) (mem. op.).

In the absence of Texas Supreme Court precedent establishing an exception to the inadequate legal remedy requirement for obtaining a temporary injunction under the circumstances of this case, we decline to adopt any broad exception in cases involving a breach of fiduciary duty. Under the facts of this case, Guerra failed to prove that damages would not adequately compensate her for any injuries she is able to prove at trial. Following the Texas Supreme Court's instruction

to not take the requirement of demonstrating an interim injury lightly, *Walling*, 863 S.W.2d at 57, we hold the trial court abused its discretion in applying the holding in *183/620 Group Joint Venture* to excuse Guerra from proving an irreparable injury by showing that she cannot be adequately compensated in damages. *See Butnaru*, 84 S.W.3d at 204.

## CONCLUSION

The trial court's order is reversed, and judgment is rendered dissolving the temporary injunction.

Catherine Stone, Chief Justice