TOM JAMES COMPANY a/k/a Tom James Company, a Tennessee Corporation, a/k/a Tom James of Dallas, Inc., a Texas Corporation, a/k/a Tom James, Inc., a Texas Corporation, Appellant,

v.

Bill MENDROP, Appellee.

No. 2–91–149–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 13, 1991.

Weintraub, Robinson, Weintraub & Stock, P.C., Jeff Weintraub and Cindy Cole Ettingoff, Memphis, Tenn., Mark Stewart & Associates, and Mark Stewart, Fort Worth, Tex., for appellant.

Vick, Chrestman & Carney, Don Chrestman, G. Thomas Vick, Jr., and Daniel W. Carney, Weatherford, Tex., for appellee.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

DAY, Justice.

This is an appeal from the denial of a temporary injunction. We affirm.

Tom James Company, appellant, is a manufacturer of custom tailored men's clothing. Bill Mendrop, appellee, worked for Tom James for approximately four years before starting his own custom tailored men's clothing business in direct competition with his former employer. Prior to his employment at Tom James, Mendrop was employed in a variety of sales positions, most recently with Matthew Bender, a well-known publisher of legal books. While at Tom James, Mendrop signed two non-competition agreements (which limit his activities in a related business to at least two years after termination, in the counties in which the employee worked). Both parties brought suit, and by agreement, the parties consolidated the action in the 43nd District Court of Parker County. Tom James sought a temporary injunction, which would require Mendrop to cease direct competition with Tom James until the noncompetition clause, which Mendrop signed, could be construed by the court. After a hearing, the court denied this relief, and James brings this appeal.

The purpose of a temporary injunction is to preserve the status quo. *Independent Am. Real Estate v. Davis*, 735 S.W.2d 256, 257 (Tex.App.—Dallas 1987, no writ). The standard of appellate review in cases denying the issuance of a temporary injunction is whether there is a clear abuse of discretion on the part of the trial judge in determining whether the applicant is entitled to a preservation of the status quo pending trial on the merits. *Brooks v. Expo Chemical Co.*, 576 S.W.2d 369 (Tex. 1979). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986).

In order to obtain a temporary injunction, an applicant must show: (1) that he will suffer irreparable injury if the injunction is not granted; (2) that he has no adequate remedy at law for damages which may result pending the outcome of the litigation; and (3) that there is a likelihood applicant will prevail in the trial on the merits. *Valero Transmission Co. v. Mitchell Energy Corp.*, 743 S.W.2d 658 (Tex.App.—Houston [1st Dist.] 1987, no writ). Because of the breadth of the trial court's discretion, an appellate court is not

permitted to decide factual questions reaching the underlying merits of the case. All reasonable inferences must be drawn in favor of the trial court's decision. *Davis v. Huey,* 571 S.W.2d 859, 860 (Tex.1978); *David v. Bache Halsey Stuart Shields, Inc.,* 630 S.W.2d 754, 757 (Tex.App.—Houston [1st Dist.] 1982, no writ).

■ In the contest of a covenant not to compete, the supreme court has declared that a covenant will not be enforced by an injunction where the party seeking the injunction has failed to show that without injunctive relief he will suffer irreparable injury for which he has no adequate legal remedy. *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670 (Tex.1990).

■ An irreparable injury is defined as an injury for which compensation cannot be made, or for which compensation cannot be measured by any certain pecuniary standard. *Parkem Indus. Serv., Inc. v. Garton,* 619 S.W.2d 428 (Tex.Civ.App.—Amarillo 1981, no writ). An injunction will not issue if damages are sufficient to compensate the plaintiff for any wrong committed by the defendant and if the damages are subject to measurement by an ascertainable pecuniary standard. *Minexa Arizona, Inc. v. Staubauch,* 667 S.W.2d 563 (Tex. App.—Dallas 1984, no writ). The party requesting the injunction has the burden of negating the existence of adequate legal remedies. *Id.* at 567.

■ Tom James, in its original petition, and in its motion for the temporary injunction, alleges irreparable injury due to loss of clients, good will, sales, and potential sales. At the hearing, Bill Mendrop testified that he brought with him, to the company, a list of between 200–500 prospective clients, all of whom were attorneys he had contact with while he was employed at Matthew–Bender. There was further testimony that while at Tom James, Mendrop's direct supervisor, Jim Jorns, gave Mendrop some additional prospects, although the value of these prospects was disputed. Mendrop himself testified that, before attempting to sell one of these prospects, he first asked if they had been contacted by a Tom James salesman recently. It is unclear from the testimony whether or not Mendrop proceeded with the attempted sale if the prospect gave an affirmative answer. Thus, we cannot say that Tom James showed an irreparable injury from loss of clients.

■ As to the confidentiality of the measuring methods and tools of Tom James, testimony from all three witnesses showed that the instruments used by James were of general manufacture, and could be purchased and used by anyone. Tools belonging to the Tom James Company were returned by Mendrop upon his resignation. Similarly, Mendrop testified that the sales methods taught by James were similar to those he had learned in his prior sales positions, and indeed, that he had rejected some of the Tom James' techniques in favor of his own methods.

■ We conclude that Tom James failed to show both irreparable injury, and lack of an adequate remedy at law. For this reason, we need not consider the likelihood of Tom James' success on the merits, as the injunction was properly denied until determination of the validity of the non-competition provisions can be assessed at trial on the merits. A ruling on a temporary injunction by an appellate court may not be used to obtain an advance ruling on the merits of the case concerning a permanent injunction. *Isuani v. Manske–Sheffield Radiology Group,* 802 S.W.2d 235, 236 (Tex.1991), *appeal on remand,* 805 S.W.2d 602 (Tex.App.—Beaumont 1991, writ denied); *Iranian Muslim Org. v. City of San Antonio,* 615 S.W.2d 202, 208 (Tex. 1981).

■ While special training or knowledge acquired by an employee during employment may constitute a legitimate interest which is protectable, under the testimony of the hearing, we cannot say that the trial judge abused his discretion. We are not, of course, weighing the various testimony, or asserting that some testimony is more credible than other. Although there was conflicting evidence, from the face of the hearing, we cannot say that the trial court abused its discretion in denying the

injunction. The validity or invalidity of the non-competition provision will be determined at the trial on the merits, as will computation of damages, if any, awarded to Tom James. *See, e.g., Isuani,* 802 S.W.2d at 236; *Iranian Muslim Org.,* 615 S.W.2d at 208. We overrule appellant's sole point of error.

The judgment of the trial court is affirmed.