**THE REACH GROUP, L.L.C., Appellant,**

v.

**THE ANGELINA GROUP, Scott Ratchinsky, and Autie McVicker, Appellees.**

No. 14–04–00911–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 18, 2005.

Joanne M. Vorpahl, Houston, for appellant.

Kenneth D. Hughes, Houston, for appellees.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

**OPINION**

JOHN S. ANDERSON, Justice.

This is an accelerated appeal from the partial denial of The Reach Group, L.L.C.'s ("TRG") request for a temporary injunction enjoining appellees, two former employees and the company they formed, from soliciting certain clients in violation of their employment agreements. On appeal, TRG argues (1) the covenants not to compete/non-solicitation provisions contained in the employment agreements are en-

forceable under Texas law, and (2) the trial court abused its discretion in refusing to grant a temporary injunction against appellees and in favor of TRG despite undisputed evidence establishing breaches of the covenants. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

TRG is a consulting firm in the business of performance management consulting for the international subsea oil and gas industry. TRG provides a variety of specialized services, including "technical limits" in the context of drilling operations, knowledge management, learning organization, supervisory development, performance enhancement, and facilitation.

Appellees Scott Ratchinsky and Autie McVicker are former employees of TRG. Ratchinsky was hired as a consultant for TRG in March 2000 and was involved with several significant projects for TRG. He became a project manager in December 2002. McVicker was hired by TRG in May 2002, and, as a project manager, he worked on projects for British Petroleum ("BP"), one of TRG's biggest clients.

After Ratchinsky and McVicker had been working for TRG, they signed Employment Agreements ("agreements") with TRG. These agreements contained covenants not to compete and non-disclosure agreements.[1] Ratchinsky's agreement also contained a non-recruitment clause.

On June 1, 2004, Ratchinsky resigned from TRG, and McVicker resigned a day later. On July 20, 2004, one of TRG's clients, Transocean, notified TRG that it was hiring The Angelina Group, L.L.C. ("Angelina") for a project TRG had been pursuing. TRG subsequently learned Ratchinsky and McVicker had formed Angelina while employed by TRG.

Three days after Transocean notified TRG the project was going to Angelina, TRG filed this lawsuit against Ratchinsky, McVicker, and Angelina, alleging breach of contract, conversion, and tortious interference, and requesting temporary and permanent injunctive relief enjoining Ratchinsky and McVicker from soliciting certain TRG clients in violation of their employment agreements. The trial court entered a temporary restraining order against appellees.

On August 6, 2004, a hearing was held on TRG's application for temporary injunction, and a second hearing was held on August 12, 2004, in response to TRG's emergency motion to reopen the temporary injunction hearing.[2] On August 24, 2004, the trial court granted in part and denied in part TRG's request for injunctive relief as follows:

> After reviewing [TRG's] Application for Temporary Injunction, [Appellees'] Response, the arguments of counsel and evidence, the Court is of the opinion that [TRG's] Application for Temporary Injunction should be GRANTED IN PART AND DENIED IN PART. It is therefore,

> ORDERED that [Angelina, Ratchinsky, and McVicker] are required to deliver to counsel for [TRG] all documents that were obtained from [TRG], including databases and copyrighted materials, on or before August 30, 2004.

> IT IS FURTHER ORDERED that [TRG]'s Application for Temporary Injunction is DENIED. IT IS FUR-

---

1. The effective date of McVicker's agreement is May 20, 2002; the effective date of Ratchinsky's agreement is January 1, 2003.

2. A few days after the August 6, 2004 hearing, TRG learned Ratchinsky had sought unauthorized access to one of TRG's databases for use with Angelina's work for Transocean. Ratchinsky never accessed the database.

THER ORDERED that the Temporary Restraining Order against [Appellees] is dissolved.

TRG files this interlocutory appeal from the denial of its request for a temporary injunction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon Supp.2005). Appellees do not appeal the trial court's order requiring them to turn over all TRG documents.

## TRG's REQUEST FOR INJUNCTIVE RELIEF

In two issues, TRG argues (1) the provisions in Ratchinsky's and McVicker's agreements are enforceable because they meet the tests imposed by statute and common law; and (2) the trial court abused its discretion in denying TRG's requested injunctive relief. Specifically, TRG asserts Ratchinsky and McVicker are bound by covenants not to solicit certain clients and prospective clients of TRG and covenants prohibiting the use or disclosure of TRG's confidential information. TRG claims Ratchinsky and McVicker violated their agreements with TRG by soliciting Transocean and BP, TRG's clients, for the benefit of Angelina.

Ratchinsky and McVicker argue the covenants not to compete are unenforceable because (1) McVicker and Ratchinsky were at-will employees; (2) TRG did not give appellees confidential information and there is no evidence confidential information was used; (3) TRG has an adequate remedy at law; (4) TRG's judicial admissions in a prior lawsuit directly contradict its claims in this suit; and (5) the covenants not to compete are overly broad.

### A. Scope and Standard of Review

Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002); *Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 884 (Tex.App.-Dallas 2003, no pet.). A reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Butnaru*, 84 S.W.3d at 204; *Tom James of Dallas, Inc.*, 109 S.W.3d at 883.

"A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru*, 84 S.W.3d at 204. To obtain a temporary injunction, an applicant must plead and prove a cause of action against the defendant, a probable right to the relief sought, and a probable, imminent, and irreparable injury in the interim. *Id.*; *Tom James of Dallas, Inc.*, 109 S.W.3d at 884. At a temporary injunction hearing, the ultimate merits of the case are not before the trial court. *Tom James of Dallas, Inc.*, 109 S.W.3d at 884.[3]

When a consideration of the evidence is required, we view it in the light most favorable to the trial court's order, indulging every reasonable inference in its favor. *EMSL Analytical, Inc. v. Younker*, 154 S.W.3d 693, 696 (Tex.App.-Houston [14th Dist.] 2004, no pet.). When, as here, the trial court does not make findings of fact or conclusions of law, we must uphold the court's order on any legal theory supported by the record. *Id.*

### B. Irreparable Injury

In the contest of a covenant not to compete, a covenant will not be enforced by an injunction where the party seeking the injunction has failed to show that with-

---

3. Thus, in deciding this appeal from the denial of a temporary injunction, we do not reach the ultimate issue of whether the provisions in the agreements are enforceable under Texas law. *See Tom James of Dallas, Inc.*, 109 S.W.3d at 884–85.

out injunctive relief he will suffer irreparable injury for which he has no adequate legal remedy. *Tom James Co. v. Mendrop*, 819 S.W.2d 251, 253 (Tex.App.-Fort Worth 1991, no writ). Courts generally will not enforce contractual rights by injunction, because a party can rarely establish an irreparable injury and an inadequate legal remedy when damages for breach of contract are available. *Butnaru*, 84 S.W.3d at 211. "An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Butnaru*, 84 S.W.3d at 204; *see Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 235 (Tex.App.-Houston [1st Dist.] 2003, no pet.)(quoting *Butnaru*, 84 S.W.3d at 204); *Mendrop*, 819 S.W.2d at 253 ("An injunction will not issue if damages are sufficient to compensate the plaintiff for any wrong committed by the defendant and if the damages are subject to measurement by an ascertainable pecuniary standard."). The party requesting the injunction has the burden to establish that there is no adequate remedy at law for damages. *Cardinal Health*, 106 S.W.3d at 235. An adequate remedy at law is one that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief. *Id.*

 Appellees argue the denial of the injunction was proper because TRG has an adequate remedy at law. We agree. At the temporary injunction hearing, David Massey, managing director of TRG, testified that the amount of damages TRG would incur for lost revenues from the Transocean project was capable of being measured and totaled approximately $115,000.00. Massey also testified he could calculate additional damages TRG might incur based on the potential for TRG's work with Transocean being extended for a period of two years. More-over, Ratchinsky testified Angelina does not have a contract with Transocean. Additionally, Massey admitted any *potential* damages that might result from Angelina competing for BP business are also capable of being calculated. Defense counsel asked Massey whether he "can spell [the damages] out. They are not pie in the sky. You are not speculating. You have a way to calculate those numbers, right?"; Massey replied, "Yes." Massey's testimony clearly established that any damages resulting from appellees taking Transocean's or BP's business away from TRG were capable of precise measurement. Massey further testified that if appellees are allowed to continue to solicit TRG's past, current, and potential clients, TRG could be put at "great risk." This latter testimony, however, "established only a fear of possible injury," and such a contingency "is not sufficient to support issuance of a temporary injunction." *See EMSL Analytical, Inc.*, 154 S.W.3d at 697.

Viewing the evidence in the light most favorable to the trial court's order, we hold TRG has failed to establish it faced probable, imminent, and irreparable injury in the absence of a temporary injunction. Thus, the trial court did not abuse its discretion in denying TRG's request for a temporary injunction, and we overrule issue two. We do not address TRG's first issue; the validity or invalidity of TRG's agreements with Ratchinsky and McVicker will be determined at a trial on the merits, as will computation of damages, if any, awarded to TRG. *See Mendrop*, 819 S.W.2d at 253–54.

### CONCLUSION

The judgment of the trial court is affirmed.