Affirmed and Opinion filed August 18, 2005









Affirmed and Opinion filed August 18, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00911-CV

____________

 

THE REACH GROUP,
L.L.C.,
Appellant

 

V.

 

THE ANGELINA
GROUP, SCOTT RATCHINSKY, AND AUTIE MCVICKER, Appellees

 



 

On Appeal from the 151st
District Court

Harris County, Texas

Trial Court Cause No. 04-38368

 



 

O P I N I O N








This is an accelerated appeal from the
partial denial of The Reach Group, L.L.C.=s (ATRG@) request for a
temporary injunction enjoining appellees, two former employees and the company
they formed, from soliciting certain clients in violation of their employment
agreements.  On appeal, TRG argues (1)
the covenants not to compete/non-solicitation provisions contained in the
employment agreements are enforceable under Texas law, and (2) the trial court
abused its discretion in refusing to grant a temporary injunction against
appellees and in favor of TRG despite undisputed evidence establishing breaches
of the covenants.  We affirm.

Factual and
Procedural Background

TRG is a consulting firm in the business
of performance management consulting for the international subsea oil and gas
industry.  TRG provides a variety of
specialized services, including Atechnical limits@ in the context of
drilling operations, knowledge management, learning organization, supervisory
development, performance enhancement, and facilitation.

Appellees Scott Ratchinsky and Autie
McVicker are former employees of TRG. 
Ratchinsky was hired as a consultant for TRG in March 2000 and was involved
with several significant projects for TRG. 
He became a project manager in December 2002.  McVicker was hired by TRG in May 2002, and,
as a project manager, he worked on projects for British Petroleum (ABP@), one of TRG=s biggest
clients.  

After 
Ratchinsky and McVicker had been working for TRG, they signed Employment
Agreements (Aagreements@) with TRG.  These agreements contained covenants not to
compete and non-disclosure agreements.[1]  Ratchinsky=s agreement also
contained a non-recruitment clause. 

On June 1, 2004, Ratchinsky resigned from
TRG, and McVicker resigned a day later. 
On July 20, 2004, one of TRG=s clients,
Transocean, notified TRG that it was hiring The Angelina Group, L.L.C. (AAngelina@) for a project
TRG had been pursuing.  TRG subsequently
learned Ratchinsky and McVicker had formed Angelina while employed by TRG.  








Three days after Transocean notified TRG
the project was going to Angelina, TRG filed this lawsuit against Ratchinsky,
McVicker, and Angelina, alleging breach of contract, conversion, and tortious
interference, and requesting temporary and permanent injunctive relief
enjoining Ratchinsky and McVicker from soliciting certain TRG clients in
violation of their employment agreements. 
The trial court entered a temporary restraining order against
appellees.  

On August 6, 2004, a hearing was held on
TRG=s application for
temporary injunction, and a second hearing was held on August 12, 2004, in
response to TRG=s emergency motion to reopen the temporary
injunction hearing.[2]   On August 24, 2004, the trial court granted
in part and denied in part TRG=s request for
injunctive relief as follows:

After reviewing [TRG=s] Application for Temporary
Injunction, [Appellees=] Response, the arguments of
counsel and evidence, the Court is of the opinion that [TRG=s] 
Application for Temporary Injunction should be GRANTED IN PART AND
DENIED IN PART.  It is therefore,

ORDERED that [Angelina, Ratchinsky,
and McVicker] are required to deliver to counsel for [TRG] all documents that
were obtained from [TRG], including databases and copyrighted materials, on or
before August 30, 2004.

IT IS FURTHER ORDERED that [TRG]=s Application for
Temporary Injunction is DENIED.  IT IS
FURTHER ORDERED that the Temporary Restraining Order against [Appellees] is
dissolved.  [CR 241]  

TRG files this interlocutory appeal from
the denial of its request for a temporary injunction.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(4)
(Vernon Supp. 2005).  Appellees do not
appeal the trial court=s order requiring them to turn over all
TRG documents.

TRG=s Request for
Injunctive Relief








In two issues, TRG argues (1) the
provisions in Ratchinsky=s and McVicker=s agreements are
enforceable because they meet the tests imposed by statute and common law; and
(2) the trial court abused its discretion in denying TRG=s requested
injunctive relief.  Specifically, TRG
asserts Ratchinsky and McVicker are bound by covenants not to solicit certain
clients and prospective clients of TRG and covenants prohibiting the use or
disclosure of TRG=s confidential information.  TRG claims Ratchinsky and McVicker violated
their agreements with TRG by soliciting Transocean and BP, TRG=s clients, for the
benefit of Angelina.  

Ratchinsky and McVicker argue the
covenants not to compete are unenforceable because (1) McVicker and Ratchinsky
were at-will employees; (2) TRG did not give appellees confidential information
and there is no evidence confidential information was used; (3) TRG has an
adequate remedy at law; (4) TRG=s judicial
admissions in a prior lawsuit directly contradict its claims in this suit; and
(5) the covenants not to compete are overly broad.

A.      Scope
and Standard of Review

Whether to grant or deny a temporary
injunction is within the trial court=s sound
discretion.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 204 (Tex. 2002); Tom James of Dallas, Inc. v. Cobb, 109
S.W.3d 877, 884 (Tex. App.CDallas 2003, no
pet.).  A reviewing court must not
substitute its judgment for the trial court=s judgment unless
the trial court=s action was so arbitrary that it exceeded
the bounds of reasonable discretion.  Butnaru,
84 S.W.3d at 204; Tom James of Dallas, Inc., 109 S.W.3d at 883.

AA temporary
injunction=s purpose is to preserve the status quo of
the litigation=s subject matter pending a trial on the
merits.@  Butnaru, 84 S.W.3d at 204.  To obtain a temporary injunction, an
applicant must plead and prove a cause of action against the defendant, a
probable right to the relief sought, and a probable, imminent, and irreparable
injury in the interim.  Id.; Tom
James of Dallas, Inc., 109 S.W.3d at 884. 
At a temporary injunction hearing, the ultimate merits of the case are
not before the trial court.  Tom James
of Dallas, Inc., 109 S.W.3d at 884.[3]  








When a consideration of the evidence is
required, we view it in the light most favorable to the trial court=s order, indulging
every reasonable inference in its favor. 
EMSL Analytical, Inc. v. Younker, 154 S.W.3d 693, 696 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  When, as here,
the trial court does not make findings of fact or conclusions of law, we must
uphold the court=s order on any legal theory supported by
the record.  Id.

B.      Irreparable
Injury  

In the contest of a covenant not to
compete, a covenant will not be enforced by an injunction where the party
seeking the injunction has failed to show that without injunctive relief he
will suffer irreparable injury for which he has no adequate legal remedy.  Tom James Co. v. Mendrop,  819 S.W.2d 251, 253 (Tex. App.CFort Worth  1991, no writ).  Courts generally will not enforce contractual
rights by injunction, because a party can rarely establish an irreparable
injury and an inadequate legal remedy when damages for breach of contract are
available.  Butnaru, 84 S.W.3d at
211.  AAn injury is
irreparable if the injured party cannot be adequately compensated in damages or
if the damages cannot be measured by any certain pecuniary standard.@  Butnaru, 84 S.W.3d at 204; see
Cardinal Health Staffing Network, Inc v. Bowen, 106 S.W.3d 230, 235 (Tex.
App.CHouston [1st
Dist.] 2003, no pet.)(quoting Butnaru, 84 S.W.3d at 204); Mendrop,
819 S.W.2d at 253 (AAn injunction will not issue if damages
are sufficient to compensate the plaintiff for any wrong committed by the
defendant and if the damages are subject to measurement by an ascertainable
pecuniary standard.@). 
The party requesting the injunction has the burden to establish that
there is no adequate remedy at law for damages. 
Cardinal Health, 106 S.W.3d at 235.  An adequate remedy at law is one that is as
complete, practical, and efficient to the prompt administration of justice as
is equitable relief.  Id.








Appellees argue the denial of the
injunction was proper because TRG has an adequate remedy at law.  We agree. 
At the temporary injunction hearing, David Massey, managing director of
TRG, testified that the amount of damages TRG would incur for lost revenues
from the Transocean project was capable of being measured and totaled
approximately $115,000.00.  Massey also
testified he could calculate additional damages TRG might incur based on the
potential for TRG=s work with Transocean being extended for
a period of two years.  Moreover,
Ratchinsky testified Angelina does not have a contract with Transocean.
Additionally, Massey admitted any potential damages that might result
from Angelina competing for BP business are also capable of being
calculated.  Defense counsel asked Massey
whether he Acan spell [the damages] out.  They are not pie in the sky.  You are not speculating.  You have a way to calculate those numbers,
right?@; Massey replied, AYes.@  Massey=s testimony
clearly established that any damages resulting from appellees taking Transocean=s or BP=s business away
from TRG were capable of precise measurement. Massey further testified that if
appellees are allowed to continue to solicit TRG=s past, current,
and potential clients, TRG could be put at Agreat risk.@  This latter testimony, however, Aestablished only a
fear of possible injury,@ and such a contingency Ais not sufficient
to support issuance of a temporary injunction.@  See EMSL Analytical, Inc., 154 S.W.3d
at 697.

Viewing the evidence in the light most
favorable to the trial court=s order, we hold
TRG has failed to establish it faced probable, imminent, and irreparable injury
in the absence of a temporary injunction. 
Thus, the trial court did not abuse its discretion in denying TRG=s request for a
temporary injunction, and we overrule issue two.  We do not address TRG=s first issue; the
validity or invalidity of TRG=s agreements with
Ratchinsky and McVicker will be determined at a trial on the merits, as will
computation of damages, if any, awarded to TRG. 
See Mendrop, 819 S.W.2d at 253B54. 

Conclusion

The judgment of the trial court is
affirmed.

 

 

/s/      John S. Anderson

Justice

 

Judgment
rendered and Opinion filed August 18, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  The effective
date of McVicker=s agreement is May 20, 2002; the effective date of
Ratchinsky=s agreement is January 1, 2003.





[2]  A few days
after the August 6, 2004 hearing, TRG learned Ratchinsky had sought
unauthorized access to one of TRG=s
databases for use with Angelina=s work for Transocean. 
Ratchinsky never accessed the database.





[3]  Thus, in
deciding this appeal from the denial of a temporary injunction, we do not reach
the ultimate issue of whether the provisions in the agreements are enforceable
under Texas law.  See Tom James of
Dallas, Inc., 109 S.W.3d at 884B85.