# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00563-CV

**Hyperion Holdings, Inc., 1987 Community Development Corporation and Continental Realty, Inc., Appellants**

**v.**

**The Texas Department of Housing & Community Affairs and Edwina Carrington, in her official capacity as Executive Director, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. GN501092, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Hyperion Holdings, Inc., 1987 Community Development Corp., and Continental Realty, Inc. (collectively, "appellants") are developers of low-income housing who sought injunctive relief against appellees, the Texas Department of Housing and Community Affairs and its Executive Director, Edwina Carrington (collectively, "the TDHCA"). The district court denied appellants' request for a temporary injunction, and appellants filed this interlocutory appeal challenging that order. We will affirm.

## BACKGROUND

Pursuant to the Low Income Housing Tax Credit Program, the TDHCA is responsible for annually allocating approximately $40 million in federal tax credits to developers of low-income

housing. *See* 26 U.S.C.A. § 42 (West 2002 & Supp. 2005); Tex. Gov't Code Ann. §§ 2306.001-.083, .6701-.6734 (West 2000 & Supp. 2005); 10 Tex. Admin. Code §§ 50.1-.24 (2005). Developers compete for these credits by submitting development proposals ("applications") to the agency's Board. The Board evaluates the applications pursuant to the Qualified Allocation Plan (QAP), which sets forth a variety of criteria to be used in scoring the applications with a point system. *See* 10 Tex. Admin. Code § 50.9. Applications earn points for demonstrating such things as financial feasibility, documented support of a neighborhood association, and positive site location characteristics. *Id*. The application process is competitive, due to the lucrative nature and limited amount of the tax credits. It is also costly, because the developers are required to prepare and submit detailed site plans, financial analyses, and supporting documentation.

Each of the appellants applied for and was denied a tax credit in 2004. Appellants exhausted their administrative remedies when their final appeal to the Board was denied in July 2004. *See id.* § 50.18(b)(5). In the spring of 2005, appellants filed suit under the Administrative Procedures Act (APA) in the Travis County district court, complaining that the TDHCA had exceeded its statutory authority by not uniformly scoring the 2004 tax credit applications. Appellants urged that the Board had arbitrarily awarded points to some applicants for certain criteria while not awarding points to other applicants, such as themselves, for the same criteria.[1]

On July 18, appellants filed an amended motion for a temporary injunction in the district court, requesting that the TDHCA be ordered to set aside $2.3 million of the 2005 tax credits

---

[1] The case was removed to federal court in June 2005. The federal court determined there were no federal claims upon which it could grant relief, allowed appellants to amend their pleadings, and remanded the remaining state claims to the district court.

until their claims—challenging the allocation of the 2004 tax credits—were resolved. Appellants alternatively sought an injunction ordering that they be awarded "forward commitments" for the 2006 tax credits. The ultimate relief sought by appellants was reimbursement for the costs incurred in the 2004 application process. Appellants argued that, because the TDHCA arbitrarily denied them 2004 tax credits, they are entitled to recover their application expenses.

The TDHCA filed a response asserting that appellants' request should be denied because they failed to plead and prove the three elements required for a temporary injunction—(1) a viable cause of action, (2) a probable right to the relief sought, and (3) that an imminent and irreparable injury would likely result in the interim. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The TDHCA urged that appellants could not satisfy the first prong because they had not timely filed suit within the applicable statute of limitations. According to the TDHCA, because this was an APA claim, appellants were required to file suit in the district court within 30 days of the Board's final decision, *see* Tex. Gov't Code Ann. § 2001.176(a) (West 2000), but their suit was not filed until approximately nine months after that date. The TDHCA further argued that appellants could not satisfy the second and third prongs because there is no authority to deprive successful 2005 applicants of their tax credits in favor of unsuccessful 2004 applicants and because the expenses of applying are a known risk that are not recoverable, especially given that the TDHCA followed its statutory guidelines in granting and denying the 2004 applications.

A hearing was held on July 26, 2005, at which the district court orally denied appellants' request for injunctive relief. The court stated that the denial was "based on the fact that there was a remedy available back in 2004 and it wasn't pursued. . . . If these claims had been

3

brought within the 30 days, I think my ruling would have to be different based on what I've heard here today."

Appellants filed a motion to reconsider urging that, because the tax credit application process does not constitute a "contested case," the 30-day deadline in section 2001.176(a) does not apply to their claim and was, therefore, not a valid basis to deny their request. *See id.*; *see also id.* § 2001.003(1) (West 2000); 10 Tex. Admin. Code §§ 50.9, 50.18. The TDHCA responded, again presenting argument under each of the three *Butnaru* prongs. *See* 84 S.W.3d at 204. On August 17, the district court signed a written order denying appellants' request for a temporary injunction. The written order did not articulate any basis for the denial, nor were any findings of fact or conclusions of law provided. Appellants timely appealed the order.

## ANALYSIS

In a single issue, appellants urge this Court to reverse the district court's denial of their temporary injunction because the 30-day limitations period set forth in section 2001.176(a) was not a valid basis on which to deny relief. *See* Tex. Gov't Code Ann. § 2001.176(a). The TDHCA responds that our review cannot be confined to the limitations issue because the written order included no findings or conclusions and, thus, may be affirmed on any of the valid legal theories presented to the district court.

The standard of review in an appeal from a denial of a temporary injunction is whether the district court abused its discretion in refusing to grant the temporary relief. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993); *31-W Insulation Co. v. Dickey*, 144 S.W.3d 153, 156 (Tex.

4

App.—Fort Worth 2004, pet. withdrawn); *Republic W. Ins. Co. v. State*, 985 S.W.2d 698, 700 (Tex. App.—Austin 1999, pet. dism'd w.o.j.). A reviewing court must not substitute its judgment for the district court's judgment unless the decision was so arbitrary that it exceeded the bounds of reasonable discretion. *Butnaru*, 84 S.W.3d at 204; *Reach Group, L.L.C. v. Angelina Group*, 173 S.W.3d 834, 837 (Tex. App.—Houston [14th Dist.] 2005, no pet.). This Court should not reverse the order unless it is shown that the district court misapplied the law to the facts or that the evidence does not reasonably support the court's ruling. *Dickey*, 144 S.W.3d at 156; *Reagan Nat'l Adver. v. Vanderhoof Family Trust*, 82 S.W.3d 366, 370 (Tex. App.—Austin 2002, no pet.). Under this standard, the evidence and its valid inferences will be viewed in the light most favorable to the ruling. *Dickey*, 144 S.W.3d at 156. When, as here, the district court did not issue findings of fact and conclusions of law, we must uphold the court's ruling on any valid legal theory that was presented to the court and is supported by the evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Reach Group*, 173 S.W.3d at 837.

The TDHCA consistently urged that injunctive relief should be denied because appellants failed to establish each of the three *Butnaru* elements—(1) a viable cause of action, (2) a probable right to the relief sought, and (3) that an imminent and irreparable injury would likely result in the interim. *See* 84 S.W.3d at 204. Although the district court's initial, oral ruling was based on the 30-day limitations issue, its subsequent, written order did not specify a ground for the denial. *See* Tex. Gov't Code Ann. § 2001.176(a). A district court's written judgment or order controls over its oral pronouncement. *In re K.M.B.*, 148 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also Cash v. Cash*, No. 03-04-00560-CV, 2005 Tex. App. LEXIS

5909, at *11 (Tex. App.—Austin July 27, 2005, no pet.) (mem. op.). Accordingly, we may affirm the denial of appellants' temporary injunction on any meritorious ground supported by the evidence before the district court. *See Davis*, 571 S.W.2d at 862.

The TDHCA's argument that appellants failed to satisfy the three *Butnaru* elements provided a legitimate basis for the district court to deny the injunctive relief. *See* 84 S.W.3d at 204. The second prong of *Butnaru* requires a party seeking a temporary injunction to establish a probable right to the relief sought. *Id*. The ultimate relief sought by appellants was reimbursement for their 2004 application expenses; they requested an injunction ordering the TDHCA to withhold $2.3 million in 2005 credits to insure that the agency would have resources available for their recovery. Appellants, however, provided no authority to support such relief. In fact, in its order partially disposing of appellants' claims,[2] the federal court noted that appellants' counsel "candidly admitted at the hearing [that] no statutory or caselaw authority exists that would justify the Court in granting [appellants] this remedy. . . . The Court is not convinced that such a practice is authorized by law."[3]

---

[2] The federal court's order and other relevant documents from that proceeding were included in the clerk's record on appeal by agreement of the parties. The injunctive relief sought in the federal court, as well as the TDHCA's arguments against it, were presented in nearly identical fashion to both the federal court and the Travis County district court.

[3] Citing various provisions of Texas Government Code chapter 2306, the federal court explained that "[i]t seems relatively clear from this statutory scheme that the Texas Legislature envisioned the allocation of tax credits as a process that would occur on an annual basis, with each year's allotment to be considered distinctly from the next. . . . Because the statute . . . effectively forecloses the relief sought . . . the Court holds Plaintiffs cannot show a substantial likelihood of success on the merits in this lawsuit." *See* Tex. Gov't Code Ann. §§ 2306.67022, .6710, .6711, .6724 (West 2000 & Supp. 2005); 10 Tex. Admin. Code §§ 50.8-.10, .24 (2005).

In any event, appellants have waived the issue of whether they satisfied *Butnaru* because they did not present any argument concerning the second or third prongs in either their motion to reconsider or in their appellate brief; their challenge to the district court's order is, instead, wholly confined to the 30-day limitations issue.[4] *Specialty Retailers v. DeMoranville*, 933 S.W.2d 490, 493 (Tex. 1996); *Carone v. Retamco Operating, Inc.*, 138 S.W.3d 1, 7 (Tex. App.—San Antonio 2004, pet. denied) ("Generally, when a trial court's judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on any ground with merit to which no complaint is made."); *see also* Tex. R. App. P. 38.1 (appellant's brief must contain "a clear and concise argument . . . with appropriate citations to authorities").

To demonstrate one's entitlement to a temporary injunction, a party must plead and prove each of the three *Butnaru* elements. 84 S.W.3d at 204. Because the record contains no authority demonstrating that appellants' requested relief is legally possible, appellants have failed to establish the second prong of *Butnaru*—a probable right to the relief sought. *Id*. Similarly, the record is devoid of evidence supporting the third prong—that appellants would suffer an irreparable injury without injunctive relief. *Id*. The district court, therefore, did not abuse its discretion in

---

[4] Appellants claim it is only necessary to challenge the limitations issue because it presents a question of law and, as such, our review should be *de novo*. We disagree, given the well-established precedent that the standard of review is an abuse of discretion and, when no ground is provided in the written order, it may be upheld on any meritorious ground supported by the record. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978).

denying appellants' temporary injunction. *Walling*, 863 S.W.2d at 58. Appellants' sole issue is overruled.

## CONCLUSION

Having overruled appellants' only issue, we affirm the order denying their injunctive relief.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:    February 16, 2006