NO. 07-06-0204-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 18, 2006
_____

PAMELA SMITH,

Appellant

v.

LIVINGSTON HEARING AID CENTER, INC.,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. THREE OF LUBBOCK COUNTY;

NO. 2006-598,743; HON. PAULA LANEHART, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Pamela Smith (Smith) appeals from a temporary injunction entered in favor of Livingston Hearing Aid Center, Inc. (Livingston). Via three issues, she contends that the trial court abused its discretion in 1) entering the decree because the underlying covenant not to compete was unenforceable and 2) denying her attorney's fees. We affirm.

*Background*

After becoming an employee with Livingston, Smith executed a contract containing the following covenant.

In further consideration of the sum as set forth in the attached Schedule of Terms, during the period commencing on the Effective Date and ending three (3) years after the termination of Employee's employment with Employer for any reason, Employee shall not 'compete directly or indirectly with the business of the Employer' except as Employer shall otherwise consent in writing or except in furtherance of Employee's duties hereunder. 'Compete directly or indirectly with the business of the Employer' shall be deemed to include . . . engaging or having a material interest, directly or indirectly, as owner, employee, officer, director, partner, sales representative, stockholder, capital investor, lessor, renderer of consultation services or advice, either alone or in association with others, in the operation of any aspect of any type of business or enterprise competitive with the business or operation of the Employer or any of its affiliates, including, but not limited to the hearing aid business, within the geographic area as set forth in the attached Schedule of Terms.

The Schedule of Terms alluded to specified that Smith was to be compensated $3000 and that the geographic boundaries mentioned were "[a]ll counties in which Livingston Hearing Aid Center, Inc., operates, including, but not limited to: Lubbock County, Texas, and contiguous areas[,] Ector County, Texas, and contiguous areas[,] Potter County, Texas[,] Randall County, Texas [and] Curry County, New Mexico[.]"

Smith worked for Livingston dispensing hearing aids for a short while. However, she left its employ and began working for another entity involved in similar business. Livingston discovered this and sued to enforce the covenant. The relief sought consisted of, among other things, a temporary injunction. The latter was granted, and the trial court temporarily enjoined her from

engaging or having a material interest, as owner, employee, officer, director, partner, sales representative, renderer of consultation services or advice, in the testing of hearing, or in the sale or service of hearing aids or hearing devices, within the city of Lubbock and a distance of seventy-five (75) miles from the city of Lubbock, and within Scurry County, Texas.

From that order, Smith appealed.

2

*Issue One*

Smith initially contends that the trial court abused its discretion in granting the preliminary relief because the underlying covenant not to compete was "clearly unenforceable." In effort to explain why it was unenforceable, she posits that it had to "meet certain statutory requirements" expressed in §15.50 of the Texas Business and Commerce Code. It did not, she continued, because 1) "there is no 'otherwise enforceable agreement' to which the covenant . . . is included," 2) "the covenant . . . is not 'ancillary to' the agreement," and 3) "no consideration was given 'at the time' the agreement was made." Given the tenor of her arguments, one readily sees that Smith asks us to resolve, via an appeal from an order granting a temporary injunction, the ultimate question of whether the covenant is enforceable under §15.50. Yet, that is not something we can do via the procedure involved for the merits of the case are not implicated when one petitions for a temporary injunction. *Reach Group L.L.C. v. Angelina Group*, 173 S.W.3d 834, 837 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (stating that at a temporary injunction hearing the ultimate merits of the case are not at issue); *Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 882-83 (Tex. App.–Dallas 2003, no pet.) (stating that "any appeal of an order granting or denying a temporary injunction based on a covenant not to compete does not present for appellate review the ultimate question of whether the covenant is enforceable under section 15.50 of the business and commerce code"); *accord Loye v. Travelhost, Inc.,* 156 S.W.3d 615, 620 (Tex. App.–Dallas 2004, no pet.) (declining to address, via an appeal from an order granting a temporary injunction, the validity of the covenant not to compete). In other words, at a temporary injunction hearing, the trial court is to assess whether the applicant has a probable right to the relief sought and faces a probable risk of imminent and irreparable injury if preliminary relief is not granted. *Tom*

3

*James of Dallas, Inc. v. Cobb*, 109 S.W.3d at 882. The trial court is not to resolve the ultimate merits of the controversy. *Reach Group L.L.C. v. Angelina Group,* 173 S.W.3d at 837; *Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d at 882. So, if the trial court cannot use the interim procedure to resolve the merits of the underlying claim, neither can the reviewing court. *Tom James of Dallas, Inc. v. Cobb,* 109 S.W.3d at 882-83.

In sum, by arguing that the covenant at bar fails to comport with §15.50 of the Business and Commerce Code, Smith posits a contention which we cannot permissibly resolve via an appeal from an order granting a temporary injunction. *Tom James of Dallas, Inc. v. Cobb, supra*; *Reach Group L.L.C. v. Angelina Group, supra*. Its resolution must await the entry of a final judgment on the merits. *Loye v. Travelhost, Inc.*, 156 S.W.3d at 620. Consequently, her first issue is overruled.

*Issue Two*

Through her second issue, Smith addresses the scope of relief granted by the trial court. That is, she poses the question of "whether the limitations to time, geographical area, and scope of activity [contained in the covenant] are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the employer." As posed, the argument again presents us with the task of assessing the validity of the covenant and the merits of the suit. And, for the same reasons expressed under issue one, that task is not one that we can permissibly assume.

Again, all must remember that in granting a temporary injunction, the trial court simply attempts to maintain the status quo until the cause can be tried on its merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Left for another day is the matter of whether the claims underlying the suit have merit. So, in granting a temporary

4

injunction, the trial court at bar was not declaring that the covenant at issue was valid. It simply sought to maintain the status quo.

Yet, we do note that the relief ordered was not that expressed in the contract between Smith and Livingston. Through the latter, Smith purported to refrain from competing in "[a]ll counties in which Livingston Hearing Aid Center, Inc., operates, including, but not limited to: Lubbock County, Texas, and contiguous areas[,] Ector County, Texas, and contiguous areas[,] Potter County, Texas[,] Randall County, Texas [and] Curry County, New Mexico[.]" Moreover, the trial court enjoined her from competing "within the city of Lubbock and a distance of seventy-five (75) miles from the city of Lubbock, and within Scurry County, Texas." We take judicial notice of the fact that a 75-mile radius around the City of Lubbock may encompass counties that are not "contiguous" with that city. Nonetheless, evidence appears of record suggesting that the area within which Livingston marketed its services comprised "about 90 miles" around Lubbock. Furthermore, Smith testified that she treated patients who resided within 75 miles from Lubbock. So, one could reasonably deduce that the company operated within that 90-mile range as represented by Livingston.[1] Additionally, the status quo existent between the parties before Smith allegedly breached the covenant encompassed the requirement that she not compete within the territory wherein Livingston operated. There being evidence that such territory equated to a 90-mile perimeter around Lubbock, we reject her contention that the trial court somehow abused its discretion to her detriment by simply restraining her from competing within a 75-mile radius. *See In re Sanders,* 159 S.W.3d 797, 800 (Tex. App.–Amarillo 2005, no pet.) (holding that a trial court abuses its discretion when its

---

[1]Evidence appears of record indicating that Scurry County lies within 90 miles of Lubbock.

decision fails to comport with controlling guidelines or principles or lacks evidentiary support).

*Issue Three*

The third issue raised by Smith involves her recovery of attorney's fees. Furthermore, it is founded upon the proposition that the covenant, or aspects of it, was, or were, invalid or otherwise unenforceable. Because we have not so held, the issue is premature and, therefore, overruled.

We feel confident in the trial court's understanding of the interlocutory nature of the relief granted and the need to address the ultimate merits of the dispute via a timely trial. With this in mind, we affirm the order granting the temporary injunction.


Brian Quinn
Chief Justice